**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

BASILIO INIRIO CASTRO,

    Petitioner

         v.                                              **Civil No. 03-2385 (SEC)**

UNITED STATES OF AMERICA

    Respondent

**OPINION AND ORDER**

On December 15, 2008, this Court set aside its Opinion and Order dated November 5, 2004 (Docket # 13), and the accompanying Judgment, upon finding that Petitioner Basilio Inirio-Castro ("Petitioner" or "Inirio") did not receive a copy of then Magistrate Judge Aida M. Delgado-Colon's Report and Recommendation ("R & R") prior to this Court's adoption of the same. Docket # 20. Thereafter, pursuant to this Court's order, Petitioner filed his objections to the R & R. Docket # 23. Petitioner seeks relief from his conviction and sentence, arguing that the jury instructions as to the elements of the offense drug amount, and drug type were incorrect. He further contends that intervening case law, to wit, United States v. Colon-Solis, 354 F.3d 101 (1st Cir. 2004), and United States v. Booker, 543 U.S. 220 (2005), merits a reduction in his sentence. Lastly, Petitioner avers that his counsel deprived him of his right to seek *certiorari* review before the U.S. Supreme Court. After reviewing the filings, and the applicable law, this Court **APPROVES and ADOPTS** the Magistrate Judge's R & R. As such, Petitioner's motion is **DENIED**, and the instant case is **DISMISSED with prejudice**.

**Factual and Procedural Background**

A more detailed factual and procedural background of this case is set forth in the Magistrate Judge's R & R. Docket # 12.[1] Essentially, Inirio was charged in Count One with

---

[1] The Court of Appeals for the First Circuit has also set forth the facts of the case in its decision on direct appeal. United States v. Inirio-Castro, 61 Fed. Appx. 714 (1st Cir. 2002).

**CIVIL NO. 03-2385 (SEC)**                                                                 Page 2

possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), and was convicted of said offense following a six-day jury trial. At sentencing on November 30, 2001, it was determined that Inirio's total offense level was 36, and that his Criminal History Category was "I," which provided for a sentencing guideline range of 188 to 235 months imprisonment. Crim. No. 00-724-02 (SEC), Docket # 80, p. 11. He was sentenced to 235 months imprisonment and a term of supervised release of five years, and a special monetary assessment fee in the amount of $100 was imposed. Id. at p. 12. Judgment was entered on December 4, 2001. Id. at Docket No. 65.

Inirio appealed his sentence and conviction, and raised two issues on appeal: 1) whether the judgment of conviction was supported by sufficient evidence; and 2) whether a special question posed to the jury and the jury's answer invalidated the verdict.[2] On March 31, 2002, after addressing said issues, the Appellate Court affirmed Inirio's conviction. United States v. Inirio-Castro, 61 Fed.Appx. 714 (1st Cir. 2002), cert. denied, –U.S.–, 124 S.Ct. 274 (2003). Judgment was entered March 31, 2003, and the Appellate Court issued its mandate on April 28, 2003 (Criminal No. 00-724 (SEC), Docket # 89).

In his § 2255 petition, Inirio set forth only one ground for relief: whether the district court rendered an erroneous sentencing determination using the preponderance of the evidence standard, rather than the reasonable doubt standard, to determine the amount of cocaine attributable to him for sentencing purposes. The Government opposed, arguing that Petitioner was not entitled on collateral review to re-litigate issues raised on direct appeal, absent an intervening change in the law. Docket # 4.

---

[2] The question read as follows: "If you find the defendant guilty, then proceed to answer the following questions: Do you find that the amount of cocaine involved in the offense charged was in an amount of 150 kilograms or more? YES NO."

**CIVIL NO. 03-2385 (SEC)** Page 3

On April 23, 2004, Petitioner's motion was referred to the Magistrate Judge, who on September 15, 2004, issued her R & R, recommending that Petitioner's request be denied. Docket # 12. Since Petitioner did not file any objections, this Court approved and adopted the R & R, and the case was subsequently dismissed with prejudice. Docket # 13. Notwithstanding, on December 6, 2004, Petitioner filed a motion for reconsideration, and on June 23, 2008 moved to set aside this Court's Judgment, on the grounds that he did not receive a copy of the R & R prior to our adoption of the same. Dockets ## 15 & 17. After reviewing the case file and the electronic docket, this Court found that a copy of the R & R was sent to Petitioner on April 25, 2006, that is, almost two years after entry of judgment. Therefore, Petitioner was not timely notified about the R & R. As a result, the judgment dismissing Petitioner's case was set aside, and he was granted 10 days to submit his objections to the R & R, which were filed on January 13, 2009.

**Standard of Review**

*Referral to Magistrate Judge*

An adversely affected party may contest the Magistrate's Report and Recommendation by filing its objections. Santiago v. GMD Airline Servs., 681 F. Supp. 2d 120, 123 (D.P.R. 2010) (citing Local Rule 72(b) & 72(d)). Pursuant to 28 U.S.C. § 636(b)(1), any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall then make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Id. In so doing, a judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. Since Petitioner filed an opposition to the Magistrate Judge's R & R, we will review *de novo* those portions which he opposes.

*Section 2255*

The standard of review for an attorney's performance is a "very forgiving" one. See U.S. v. Theodore, 468 F.3d 52, 57 (1st Cir. 2006) (citing Delgado v. Lewis, 223 F.3d 976, 981 (9th

**CIVIL NO. 03-2385 (SEC)**                                                                                                     **Page 4**

Cir. 2000)). The Sixth Amendment to the Constitution of the United States provides in part that: "[i]n all criminal prosecutions, the accused shall enjoy the right to [...] have the Assistance of Counsel for his defence (sic)." U.S. CONST. amend. VI. The legal assistance envisioned by the Amendment, however, is not satisfied by merely having a lawyer present alongside the defendant during trial. In order to comply with the Sixth Amendment guarantee, counsel must provide "effective assistance." Strickland v. Washington, 466 U.S. 668, 685-686 (1984).

A convicted defendant who questions the validity of the criminal proceeding against him by way of claiming ineffective assistance of counsel must meet the two-part test established by the U.S. Supreme Court in Strickland. This requires the criminal defendant to first "establish that (1) 'counsel's representation fell below an objective standard of reasonableness', and (2) 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Knight v. Spencer, 447 F.3d 6, 15 (1st Cir. 2006) (citing Smiley v. Maloney, 422 F.3d 17, 20 (1st Cir. 2005) (quoting Strickland, 466 U.S. at 684)). In relation to the first part of the test, the U.S. Supreme Court has stated that there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 700.

Even if a criminal defendant overcomes this rather formidable obstacle, his ineffective assistance claim will not prosper unless he can also establish the second prong of the test. See id. Strickland's holding also requires a showing that counsel's deficient performance prejudiced the defendant. Id. at 694. That does not mean, however, that the court must address the two prongs of the test in the order above, or even analyze both. If the court is satisfied that the defendant cannot establish either that Counsel was deficient, or that such deficiency prejudiced the defendant, it may dispose of the claim without further ado. See id. at 697.

Finally, the court's evaluation of Counsel's performance must be highly deferential. Id. at 691. The Supreme Court held that "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court,

**CIVIL NO. 03-2385 (SEC)**                                                                                    Page 5

examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. Therefore, to make a fair assessment of an attorney's performance, the court should attempt to eliminate the distorting effects of hindsight. Id.

### Applicable Law and Analysis

Upon reviewing the R & R, and Inirio's objections thereto, this Court notes that although in his §2255 motion, Inirio advises that he is not arguing that his sentence exceeded the statutory maximum or that there was an Apprendi v. New Jersey, 530 U.S. 466 (2000), violation, he contradicts this statement by later arguing that he is "not only alleging an Apprendi violation, but also a Harris violation."[3]

In their opposition to Inirio's 2255 petition, the Government first argued that there are no Harris or Apprendi violations insofar as Inirio was sentenced within the corresponding guideline range and taking into consideration the statutory maximum and the holding of Apprendi. To wit, Inirio was sentenced below the default statutory maximum, even though drug quantity, determined by the court under a preponderance of the evidence standard influences the length of the sentenced imposed. The Government further notes that Inirio raised sentencing issues on appeal, and now seeks that this Court "revisit the sentencing phase." Accordingly, the Government averred that Inirio was not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law. The Government also notes that the

---

[3] Apprendi holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Additionally, Apprendi "applies only when the disputed 'fact' enlarges the applicable statutory maximum and the defendant's sentence exceeds the original maximum" United States v. Caba, 241 F.3d 98, 101 (1st Cir. 2001). Harris v. United States, 536 U.S. 545, 557 (2002) clarified that Apprendi's holding does not extend to "a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum), for the jury's verdict has authorized the judge to impose the minimum with or without the finding" of that fact by the court).

**CIVIL NO. 03-2385 (SEC)**                                                                                                    **Page 6**

Apprendi issue was brought to the attention of the sentencing court as well as to the appellate court.

As the Magistrate Judge points out, on direct appeal, the Court of Appeals denied Inirio's arguments that the special question posed to the jury regarding the drug amount invalidated the verdict. Specifically, the appellate court noted that:

> [t]he [district] court apparently was seeking what it thought was necessary guidance under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to determine a fact crucial to sentencing. Moreover, we can see no reasonable possibility of prejudice. The jury had registered its finding that defendants had possessed over five kilograms of cocaine with the intent to distribute. This finding obviously stemmed from the evidence of the twenty-five bales and the stipulation that they contained more than 150 kilograms. Now the jury was being given an opportunity to limit responsibility to a lower amount. This choice clearly benefitted appellants, since the court, while recognizing that it could impose sentence based on a much higher quantity of cocaine, respected and followed the jury's finding in his sentencing calculations.
>
> Appellants, however, urge that the answer to the special question implied a rejection of all the evidence of bales found on the beach, leaving only the evidence of a trace of cocaine on the gaff--enough only to justify conviction for simple possession. This leap of reasoning assumes that the jury was not only reneging on its verdict of guilt for possession of more than five kilograms with intent to distribute, but also was ignoring the comparability of materials found in the boat and on the beach, the punctured bales, the actions of appellants in the boat, and the absence of any other explanation for the trace of cocaine found on the gaff. We do not think that this collection of assumptions falls within the range of the rational. We therefore conclude that the special question and the jury's answer did not invalidate the verdict. Inirio-Castro, 2003 WL 1702024, at *3-4.

Thus in addressing the issue of whether the special question posed to the jury invalidated the jury's verdict, the appeals court addressed the amount of drugs Inirio was found responsible for, which in turn was used in his sentencing. Implicit in the Court's analysis is that there was no Apprendi error since the special question posed to the jury "clearly benefitted" Inirio inasmuch as the trial court recognized that it could impose a sentence based on a much higher quantity of cocaine, yet respected and followed the jury's finding in his sentencing calculations.

It is well established that "[i]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. §§ 2255 motion." Barrett v. United States, 965 F.2d 1184, 1190 n.

**CIVIL NO. 03-2385 (SEC)**                                                                                       Page 7

11 (1st Cir. 1992) (citing Dirring v. United States, 370 F.2d 862, 864 (1st Cir. 1967). More so, issues decided on direct appeal generally may not be relitigated under a different label on collateral review. United States v. Michaud, 901 F.2d 5, 6 (1st Cir. 1990); Tracey v. United States, 739 F.2d 679, 682 (1st Cir. 1984). In its Judgment, the First Circuit expressly denies Petitioner's challenges to the sentence imposed based upon an alleged incorrect determination by the sentencing judge regarding drug quantity. Therefore this issue was raised by Petitioner's counsel, was disposed of on direct appeal and cannot be revisited by this Court. As the Magistrate Judge correctly noted, in the present motion, Inirio is impermissibly raising a sentencing issue under the guise of utilization of an improper standard by the trial court.

Finally, and without belaboring the point, the alleged intervening change in case law does not support Inirio's position. In arguing his 2255 petition, Inirio relies on Harris, yet it was not until after Inirio's direct appeal was decided that the United States Supreme Court handed down said decision. To wit, the First Circuit Appellate Court issued its decision regarding Inirio's direct appeal on March 31, 2002, and the United States Supreme Court issued its decision in Harris on June 24, 2002. Even so, when the United States Supreme Court decided Harris, it held that Apprendi is not implicated when the sentencing court makes factual findings that increase the guideline range but the sentence does not exceed the statutory maximum. Since Inirio's sentence did not exceed the statutory maximum, and was within the guideline range, the case law does not support Inirio's claim that he is entitled to *habeas* relief.

Moreover, the trial court made it clear at sentencing that it employed the preponderance of the evidence standard to determine the amount of drugs. In doing so, it looked at the evidence produced at trial, the testimony, and the stipulation of the parties regarding the amount of drugs involved as determined by the jury. While Inirio was sentenced at the highest end of the applicable guideline, his sentence remained well within the statutory maximum. Accordingly, there was no error by the trial court during sentencing when it employed the preponderance of

**CIVIL NO. 03-2385 (SEC)**                                                                 Page 8

the evidence standard. The holding in Harris does not change this fact, or support Inirio's position.

At the time of the trial court's ruling the First Circuit had held, post Apprendi, that when a sentence falls within the statutory maximum, "judicial determination of drug quantity under a preponderance-of-the-evidence standard remains a viable option." United States v. Eirby, 262 F.3d 31, 37 (1st Cir. 2001); see also Derman v. United States, 298 F.3d 34 (1st Cir. 2002). Although Inirio argues that United States v. Colon-Solis, 354 F.3d 101 (1st Cir. 2004) all but overturned Eirby, his reliance on said case is misplaced insofar as he was not charged with participating in a drug-trafficking conspiracy. Therefore, in his case the court need not make an individualized finding of the drug quantities attributable to him.

Lastly, Petitioner's allegation that his counsel failed to timely file a request for certiorari before the U.S. Supreme Court also fails. Upon reviewing the documents provided by Inirio (Docket # 23), this Court notes that in a detailed letter in Spanish, his counsel adequately informed him about his right to seek *certiorari* review, and that the petitioner should be filed on or before June 30, 2003. His counsel further informed him about the procedure for filing a 2255 petition. Moreover, in the letter his counsel clearly informed Inirio that he would no longer represent him, and informed Inirio that he could seek appointment of counsel for any additional proceedings. Thereafter, on June 12, 2003, Inirio sent a letter to the Supreme Court inquiring about a "writ of certiorari form," and expressing his interest in starting the appeal process. Docket # 23-4. On November 7, 2003, the Supreme Court informed Inirio that his petition, post-marked September 4, 2003 was untimely, and as a result, *certiorari* review was no longer available. Docket # 23-5. Therefore, Inirio has not shown that counsel's representation fell below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

**Conclusion**

**CIVIL NO. 03-2385 (SEC)** **Page 9**

---

Based upon the foregoing, the Magistrate Judge's R & R is approved and adopted. As a result, Petitioner's motion is **DENIED**, and the instant case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of August, 2010.

*S/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge